**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| David C. Gevas (B-41175), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.  18 C 3165 |
| v. | ) | |
| | ) | Hon. Sunil R. Harjani |
| Jerry Baldwin, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on two motions filed by Plaintiff for orders compelling discovery. (Dkts. 91, 113.) Defendants were previously directed to respond to Plaintiff's motions by November 14, 2020. (Dkt. 120.) Due to internet connectivity problems, Defendants were unable to file their response by that deadline and instead submitted a motion on November 16, 2020, for leave to file their response, *instanter*. (Dkt. 126.) Defendants' motion is granted. The court accepts the response, which was already docketed on November 16, 2020. For the following reasons, Plaintiff's first motion to compel (Dkt. 91) is denied and his second motion to compel (Dkt. 113) is granted. By November 30, 2020, Defendant Baldwin is directed to answer the September 11, 2020 interrogatory.

**BACKGROUND**

Plaintiff David Gevas, presently an inmate at Dixon Correctional Center, brought this lawsuit alleging that Defendants retaliated against him for filing grievances and lawsuits while he was housed at Stateville Correctional Center. (*See* Dkt. 15.) Specifically, Plaintiff claims Illinois Department of Corrections Director John Baldwin and Stateville Counselors Williams, Wiggins, and Jamison intentionally lost, destroyed, or failed to respond to his grievances. (*Id.*)

1

Presently before the Court are Plaintiff's two motions for an order compelling Defendants to answer discovery requests. (Dkts. 91, 113.) The first asks the Court to compel Defendants to produce records responsive to Plaintiff's first request for production of documents. (Dkts. 91, 98.) The second asks the Court to compel Defendant Baldwin to answer one interrogatory. (Dkt. 113.) As noted above, Defendants have now responded to the motions to compel. The Court has considered the parties' positions and denies the motion to compel production of additional records, but grants the motion to compel an answer to the interrogatory.

## DISCUSSION

### I. Motion to Compel Production of Records

First, Plaintiff asks the Court to compel Defendants to produce additional records in response to his request for production. Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. Federal Rule of Civil Procedure 34 allows a party to serve requests for the production of documents that are within the scope of Rule 26. Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule 34, the requestor may move for an order compelling production of the records. Fed. R. Civ. P. 37(a)(3)(B)(iv).

Here, Plaintiff requested that Defendants Jamison and Miggins produce the following documents:

> (1) "All documents that evidence Correctional Counselors training regarding
> offender grievances for the Illinois Department of Corrections from 2015 through
> 2018 including but not limited to manuals, administrative directives, institutional
> directives (Stateville), and any electronic data, including bulletins from Wardens,

2

Directors, ARB, anyone in the grievance process."

(2) "All documents that evidence the pilot program implemented at Stateville Correctional Center including Illinois Department of Corrections in November 2018 regarding offenders' grievances including but not limited to manuals, administrative directives, institutional directives, emails, etc."

(3) "All complaints, grievances, monthly reports including responses by grievance officers, counselors, wardens, and Administrative Review Board that evidence that grievances were not answers [sic] and/or responses to by Correctional Counselors at Stateville Correctional Center from 2015 through 2018." (Dkt. 91, pgs. 5-6.)

Defendants objected to each of these requests, but nonetheless produced more than 165 pages of records. (*See* Dkt. 91, pgs. 5-6; Dkt. 126-1.) Plaintiff does not dispute that he received these records, but instead believes he did not receive the full range of documents he requested. (Dkt. 91.) In particular, with respect to request no. 1, Plaintiff states he did not receive manuals or electronic data. (*Id.*, pg. 1.) Defendants respond that they already produced the documents in their possession responsive to the request on February 11, 2020, and that no training manual regarding offender grievances exists because the grievance procedure is set forth in the Illinois administrative code, which is publicly available. (Dkt. 126-1, pg. 2.) Similarly, Plaintiff states he did not receive manuals or emails in response to request no. 2. (Dkt. 91, pg. 1.) Defendants again respond that they produced all documents responsive to request no 2 on February 11, 2020. (Dkt. 126-1, pg. 2.)

Plaintiff offers no explanation for why the records Defendants previously provided are insufficient or incomplete. Just because Plaintiff asked for particular types of records, does not mean such records exist. Defendants indicate they produced the records in their possession pertaining to Plaintiff's requests and, for obvious reasons, they cannot produce additional documents if those documents do not exist. Consequently, Defendants' response appears adequate and Plaintiff's motion is denied with respect to requests nos. 1 and 2.

3

With respect to request no. 3, Defendants objected to the request as overly broad, vague, and seeking irrelevant documents and the private or privileged records of other inmates. (Dkt. 91, pg. 6.) Plaintiff takes issue with Defendants' objections because Plaintiff states his own private records were previously disclosed in response to another inmate's discovery requests in a different case. (Dkt. 91, 98.) Plaintiff's logic, therefore, is that because his private information has been disclosed to other inmates, other inmates' private information should also be disclosed to him.

Plaintiff's request to compel production of documents responsive to request no. 3 is denied. First, it appears likely that many such records would be confidential. *See* 730 ILCS 5/3-5-1(b). Simply because Plaintiff's records were produced in another inmate's lawsuit does not mean other inmates' private information should be produced in the present case.

Second, regardless of whether the information requested implicates the private records of other inmates, Plaintiff's request is plainly overbroad and irrelevant to the issues presented in this lawsuit. This case involves Plaintiff's claims that Defendants ignored, lost, or destroyed his grievances in retaliation for filing other grievances and lawsuits. (*See* Dkt. 15.) A request for "all complaints, grievances, and monthly reports" submitted or created over the course of three years is not reasonably calculated to disclose information related to his claims or Defendants' defenses. Moreover, Defendants state they have now produced approximately forty pages of the monthly reports described in request no. 3. (Dkt. 126-1, pg. 3.) Accordingly, Plaintiff's motion to compel production is denied.

As a final note, to the extent request no. 3 pertains to Plaintiff's own records, Defendants state they requested Plaintiff's own grievances and Administrative Review Board records from 2015 to the present and that they would produce them upon receipt. (Dkt. 91, pg. 6.). These records

4

are plainly relevant to the claims at issue in this case and production of Plaintiff's own grievances does not appear to be overly broad. Plaintiff indicated in his motion, however, that he had not yet received his own grievance records as of July 26, 2020, when he drafted the motion. The Court cannot determine from Defendants' response whether they have since supplemented their productions with these records. If they have not already done so, Defendants are reminded to supplement their response promptly upon receipt of these records.

## II.    Motion to Compel Interrogatory Response

Second, Plaintiff requests that the Court compel a response to a single interrogatory directed to Defendant Baldwin. Plaintiff asks Defendant to "state in complete details all reasons for the implementation of the grievance receipt process pilot program as stated in the Warden's Bulletin #2017-127, including but not limited to offenders not receiving their grievances back from any counselors at Stateville Correctional Center." (Dkt. 113, pg. 2.)

Federal Rule of Civil Procedure 33 governs the process for answering interrogatories. Under Rule 33, a "responding party must serve its answers and any objections within 30 days after being served with the interrogatories." Fed. R. Civ. P. 33(b)(2). Unless objected to, the interrogatory must "be answered separately and fully in writing under oath." Fed. R. Civ. P. 33(b)(3). If the responding party objects to an interrogatory, the grounds for objecting must be stated with specificity and "[a]ny ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." Fed. R. Civ. P. 33(b)(4); *see also Martinez v. Cook Cty.*, No. 1:11-cv-1794, 2012 WL 6186601, at *3 (N.D. Ill. Dec. 12, 2012) ("A party's failure to timely object to discovery requests without demonstrating good cause for the delay may result in a waiver of all objections that could otherwise have been asserted.").

5

Plaintiff served Defendant Baldwin with the interrogatory on September 11, 2020. (Dkt. 113, pg. 2.) Defendant did not answer or object to the interrogatory by the thirty-day deadline. Defendant also did not correct his omission when Plaintiff notified him of it on October 14, 2020. (*Id.*, pg. 3.) Rather, Defendant objected to the interrogatory for the first time in the response to the present motion to compel—sixty-six days after being served with the interrogatory. (Dkt. 126-1, pg. 3.)

Defendant offers no explanation for the failure to answer or object to the interrogatory in a timely manner and the Court finds it difficult to imagine a justification that would constitute good cause to excuse the lack of a response. Plaintiff here propounded a single interrogatory regarding the grievance pilot program, a topic on which Defendants had already produced documents in response to Plaintiff's requests to produce. Therefore, there appears to have been no reason why Defendant could not have responding to the interrogatory—whether by answering or objecting—within thirty days.

Moreover, Defendant's objections are unpersuasive. Defendant argues he should not have to answer the interrogatory because doing so would require him to compile information from various sources, therefore, the interrogatory is overly broad and unduly burdensome. (Dkt. 126-1, pg. 3.) Rule 33 requires a responding party to answer based on all the information within that party's knowledge and control. *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D. Ill. 2007). An interrogatory, therefore, is not improper merely because an answer requires the party to compile information, assuming the party has access to that information.

Defendant also contends that Plaintiff's question is more appropriate for a deposition because it calls for a narrative response. An interrogatory is not objectionable simply because the

6

answer will be in narrative form. In fact, unlike requests to admit which can be answered with a single word, interrogatories frequently require a more detailed answer. Neither is a party prevented from obtaining an interrogatory response just because the information may be discovered through an alternate discovery device. *In re Folding Carton Antitrust Litig.*, 83 F.R.D. 256, 259 (N.D. Ill. 1979) ("Interrogatories are not improper simply because the same information can be obtained by use of a different discovery procedure.") "It is long standing and well-settled that methods of discovery are complementary, rather than alternative or exclusive." *See Beijing Choice Elec. Tech. Co. v. Contec Med. Sys. USA Inc.*, No. 1:18-cv-0825, 2020 WL 1701861, at *6 (N.D. Ill. Apr. 8, 2020) quoting *Yater v. Powderhorn Ski Co.*, No. 17-cv-01298-LTB-NYW, 2018 WL 776361, at *7 (D. Colo. Feb. 8, 2018)).

Accordingly, the Court concludes Defendant waived his objections to the interrogatory and Plaintiff's motion to compel is granted. Defendant Baldwin must answer the interrogatory by the date set forth above.

## CONCLUSION

For the foregoing reasons, Plaintiff's first discovery motion (Dkt. 91) is denied and his second discovery motion (Dkt. 113) is granted. Defendant Baldwin's response to Plaintiff's interrogatory is due by the above date.

**SO ORDERED.**

Dated: November 18, 2020

_____

Sunil R. Harjani
United States Magistrate Judge

7