IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| David C. Gevas (B-41175), ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 18 C 3165 |
| v. ) | |
| ) | Hon. Sunil R. Harjani |
| Jerry Baldwin, et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on two motions filed by Plaintiff. The first motion, filed January 4, 2021, seeks sanctions against Defendants based on their failure to produce the monthly grievance reports Plaintiff requested in his first request to produce, and their failure to supplement their discovery responses with copies of Plaintiff's grievances and Administrative Review Board records. (Dkt. 134.) The second motion, filed on January 29, 2021, asks that the Court compel Defendant Baldwin to supplement his answer to Plaintiff's September 11, 2020 interrogatory. (Dkt. 144.) For the following reasons, both motions are denied.

**BACKGROUND**

Plaintiff David Gevas, presently an inmate at Dixon Correctional Center, brought this lawsuit in May of 2018, alleging that Defendants retaliated against him for filing grievances and lawsuits while he was housed at Stateville Correctional Center. (*See* Dkt. 15.) He alleges Defendants Baldwin, Williams, Miggins, and Jamison retaliated by refusing to respond to his grievances or by intentionally losing or destroying them. (*Id.*)

Although the scope of the discovery matters encompassed by Plaintiff's present motions is narrow, the litigation over these matters has been protracted. The Court summarizes the relevant procedural history below.

1

I. **Plaintiff's September 11, 2020 Interrogatory**

On September 11, 2020, Plaintiff served Defendant Baldwin with a single interrogatory. (*See* Dkt. 113, pg. 1.) This interrogatory is the subject of the pending motion to compel. The interrogatory asked Defendant Baldwin to "Please state in complete details all reasons for the implementation of the grievance receipt process pilot program as stated in the Warden's Bulletin #217-127, including but not limited to offenders not receiving their grievances back from any counselors at Stateville Corr. Center." (*Id.*, pg. 2.) When Defendant Baldwin did not respond to the interrogatory, Plaintiff filed a motion to compel on October 22, 2020, requesting that Defendant Baldwin be directed to answer Plaintiff's interrogatory. (*Id.*, pg. 1.) The Court granted Plaintiff's motion to compel on November 18, 2020 and ordered Defendant Baldwin to respond to the interrogatory by November 30, 2020. (Dkt. 128.) At Defendant's request, that deadline was extended to December 11, 2020. (Dkt. 131.)

Fact discovery closed on December 20, 2020. (*See* Dkt. 125.) By December 27, 2020, Defendant Baldwin had not served Plaintiff with the interrogatory response and Plaintiff filed a motion requesting sanctions based on this failure. (Dkt. 132.) The Court directed Defendant Baldwin to respond to the motion for sanctions, but Defendant failed to do so. (Dkt. 133.) In response to Plaintiff's motion, the Court gave Defendant one final opportunity to comply with the directives to answer the interrogatory. (Dkts. 138, 139.) Defendant Baldwin ultimately answered the interrogatory on January 14, 2021. (*See* Dkt. 144, pg. 3.) Plaintiff now challenges the sufficiency of that answer in the present motion to compel. (Dkt. 144.)

II. **Monthly Grievance Reports and Plaintiff's Grievances and ARB Records**

Production of monthly inmate grievance reports and Plaintiff's grievances and Administrative Review Board records are at issue in Plaintiff's pending request for sanctions.

Defendants stated previously that they had produced approximately forty pages of grievance officers' monthly reports to Plaintiff on November 13, 2020. (*See* Dkt. 126-1, pg. 3.) In their response to Plaintiff's first request for production, Defendants also stated they had requested copies of Plaintiff's own grievances and Administrative Review Board (ARB) records from 2015 to the present. (*Id.*, pg. 6.) Defendants indicated that, although they had not received the grievance records at the time they responded to the request for production, they would produce them to Plaintiff upon receipt. (*Id.*) As of January 3, 2021, however, Plaintiff had not received either set of records. (Dkt. 134.) Consequently, Plaintiff filed the pending motion for sanctions. (*Id.*) The Court ordered Defendants to respond to the motion for sanctions by January 25, 2021, but they again failed to respond by the deadline. (Dkt. 138.)

### III. February 4, 2021 Court Hearing

On February 4, 2021, the Court held a telephonic hearing regarding the pending January 4, 2021 motion for sanctions and January 29, 2021 motion to compel, and Defendants' failure to respond to motions and Plaintiff's interrogatory as directed by the Court. (*See* Dkt. 152.) Prior to the hearing, Defendant Baldwin moved for leave to file a response to the January 4, 2021 motion for sanctions *instanter*. (Dkt. 151.) At the hearing, defense counsel explained that illness had prevented him from responding to the interrogatory and motions for sanctions. The Court admonished defense counsel that he must notify the Court if he was having difficulty meeting deadlines, but, in light of his illness, the Court granted defense counsel's request to file his response to the motion for sanctions *instanter*. (Dkt. 152.)

With regard to the sufficiency of the interrogatory answer, upon questioning by the Court, defense counsel stated the answer encompassed all reasons for the creation of the grievance pilot program. Defense counsel also stated he believed the monthly grievance reports and Plaintiff's

3

grievance records had been mailed to Plaintiff before the close of discovery. Given this representation, the Court directed defense counsel to file a status report noting the dates on which those documents had first been produced and to work with Dixon Correctional Center's litigation coordinator to provide Plaintiff with another copy of the records. (Dkt. 152.) The Court also granted Plaintiff leave to reply to Defendants' response to the motion for sanctions. (*Id.*)

Defense counsel filed the status report on February 8, 2021. (Dkt. 153.) Defense counsel indicated the grievance reports were produced on November 13, 2020, but that he was not aware of whether Plaintiff's grievances and ARB records were previously produced. (*Id.*, pg. 2.) Defense counsel stated he reproduced the grievance reports and other previously produced records on February 8, 2021,[1] and would produce Plaintiff's grievance and ARB records by February 22, 2021. (*Id.*)

Plaintiff has now replied in support of his motion for sanctions. The Court, therefore, considers briefing on the pending motion for sanctions and motion to compel to be complete and proceeds with consideration of the motions.

## DISCUSSION

**I.      January 29, 2021 Motion to Compel Interrogatory Answer**

Taking Plaintiff's motion to compel first, based on defense counsel's representations at the February 4, 2021 hearing, this motion is denied. Plaintiff's September 11, 2020 interrogatory asked Defendant Baldwin to "state in complete detail all reasons for the implementation of the grievance receipt process pilot program" created by the Illinois Department of Corrections, "including but

---

[1] Defendants' February 8, 2021 status report states "Pursuant to the Court's February 4, 2021 Order, [defense counsel] reproduced the Inmate Grievances Report Summaries and Administrate [sic] Codes for the Grievance Procedure on February 8, 2020." Defense counsel could not have reproduced records pursuant to the February 4, 2021 order one year prior to entry of that order, so the Court assumes the February 8, *2020* date was a typo and defense counsel actually reproduced the records on February 8, *2021*.

not limited to any offenders not receiving their grievances back from counselors at Stateville Correctional Center." (*See* Dkt. 144, pg. 3.) Defendant responded that the "Department implemented the grievance receipt process so that individuals in the Illinois Department of Corrections' custody, as well as prison officials, had documentation that a grievance had been received. The grievance receipt process pilot program was not limited to Stateville, and Stateville was just one of the facilities from around the state that was a pilot location." (*Id.*)

Plaintiff's January 29, 2021 motion seeks to compel a more complete answer to the interrogatory. (Dkt. 144.) It is not entirely clear why he believes the answer to be incomplete. Based on the motion and Plaintiff's statements at the February 4, 2021 hearing, he seems to be suggesting that because Defendant took so long to respond to the interrogatory and because the answer does not specifically mention the last clause of the interrogatory referring to Stateville, the answer must omit information.

Federal Rule of Civil Procedure 33 requires a responding party "to provide full answers to interrogatories, which includes all information within that party's knowledge and control." *Am. Int'l Specialty Lines Ins. Co. v. NWI-I, Inc.*, 240 F.R.D. 401, 413 (N.D. Ill. 2007). Although Defendant Baldwin's answer is brief and belated, defense counsel stated unequivocally at the February 4, 2021 hearing that the answer was a complete description of the reasons for creation of the grievance pilot program. Nothing else in the record indicates the answer is deficient. Accordingly, the motion to compel is denied.

II. **January 4, 2021 Motion for Sanctions for Failure to Produce Records**

The Court next addresses Plaintiff's January 4, 2021 motion for sanctions.[2] As noted

---

[2] Although Defendants responded to the motion for sanctions (Dkt. 150) and Plaintiff replied to that response, (Dkt. 154), neither submission is particularly helpful. Defendants, for their part, seem to have confused the present motion for sanctions with Plaintiff's earlier motion for sanctions for Defendant Baldwin's failure to answer the interrogatory discussed above. The January 4, 2021 sanctions motion is

above, in response to Plaintiff's first request for production, Defendants stated they had produced approximately forty pages of monthly grievance reports, along with a number of other documents, and that they were in the process of obtaining Plaintiff's grievances and ARB records. (*See* Dkt. 126-1, pg. 3.) In the present motion, however, Plaintiff states he had not received either set of records as of January 3, 2021, the date he drafted the motion.[3] (Dkt. 134, pg. 1.) Plaintiff, however, has not demonstrated that sanctions are warranted based on the missing records and the motion is denied.

First, Plaintiff offers no facts or arguments as to why sanctions are appropriate. Nor has Plaintiff identified the statute or rule that he believes supports his request for sanctions. Rather, after briefly noting that he has not received the records in question, Plaintiff devotes the remainder of his motion to a diatribe directed against the Court and Defendants. (Dkt. 134, pgs. 2-3.) This, however, is insufficient to support sanctions for alleged discovery violations and "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived." *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991).

---

based on Defendants' alleged failure to produce records in response to Plaintiff's first request for production and their failure to supplement their production response. Defendants' response, however, does not discuss those records and instead focuses on the September 11, 2020 interrogatory. (*See* Dkt. 150.) Without a doubt, the docket in this case is cluttered with Plaintiff's motions, but defense counsel must nonetheless be careful to ensure he is responding to the correct motion.

As for Plaintiff's reply, he never mentions the issues presented by his January 4, 2021 sanctions motion, either. Instead, he accuses defense counsel of lying about his illness and this Court of facilitating defense counsel's allegedly untrue statements. (*Id.*) There is no indication defense counsel fabricated his illness. The reply is of little use in evaluating Plaintiff's motion for sanctions due to any failure to produce records. As aptly noted by a fellow district court judge, Plaintiff "would be well advised to focus on the legal issues in the case and not spend [his] time criticizing opposing counsel [or the court]." *Espenscheid v. DirecStat USA, LLC*, No. 09-cv-625-bbc, 2010 WL 2330309, 10 (W.D. Wis. June 7, 2010) (Crabb, J.).

[3] In passing, Plaintiff also raises the issue of the then-unanswered interrogatory and requests an extension of the discovery deadline. The interrogatory was the subject of Plaintiff's previous motion for sanctions, which the Court addressed in the January 19, 2021 order. (Dkts., 132, 138.) And Plaintiff filed a separate motion for an extension of the discovery schedule after filing the January 4, 2021 motion for sanctions, which the Court denied in the January 19, 2021 order. Consequently, these matters are moot.

Even had Plaintiff presented some sort of argument in support of his motion, sanctions are not appropriate under the circumstances. Under Federal Rule of Civil Procedure 37, a party may pursue sanctions against another party for failure to engage in the discovery process. Specifically, Rule 37(d), which permits sanctions for failure to respond to a Rule 34 discovery request, appears to apply to Plaintiff's request for sanctions for Defendants' failure to provide him with the monthly grievance reports. Fed. R. Civ. P. 37(d)(1)(A)(ii). Plaintiff's contention that Defendants failed to produce his own grievance records as promised appears to seek sanctions for Defendants' failure to supplement their discovery responses. Rule 37(c) provides that "if a party fails to provide information . . . as required by Rule 26(a) or (e), the party is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

When evaluating whether a party's discovery violation is substantially justified or harmless, courts are guided by the following factors: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *Uncommon, LLC v. Spigen, Inc.*, 926 F.3d 409, 417 (7th Cir. 2019) (quoting *Tribble v. Evangelides*, 670 F.3d 753, 760 (7th Cir. 2012)). These factors counsel against imposing sanctions here.

First, Plaintiff has not been prejudiced by the late production of the records at issue. No trial date has been set in this case and summary judgment motions have not yet been filed. Defendants state they resent the monthly grievance reports to Plaintiff on February 8, 2021, and they will produce his grievances and ARB records by no later than February 22, 2021. (Dkt. 153.) Assuming Defendants file motions for summary judgment, Plaintiff, therefore, will receive the

7

records with ample time to submit his summary judgment response by the March 19, 2021 deadline presently set by the Court. (Dkt. 152.) Moreover, in the event Plaintiff does not receive the records by the time he must respond to dispositive motions, nothing prevents him from requesting an extension of the summary judgment briefing schedule.

Second, even if prejudice had resulted from the delay in obtaining the records, Plaintiff could have brought the missing records to defense counsel and the Court's attention well before discovery closed. Defendants responded to Plaintiff's first request for production on February 11, 2020, in which they stated they would produce Plaintiff's grievances and ARB documents upon receipt, and Defendants stated they had produced the monthly grievance reports in their November 16, 2020 response to one of Plaintiff's motions to compel. (*See* Dkt. 126-1, pg. 3.) Plaintiff, therefore, was aware he had not received these records prior to the close of discovery. Despite this, he waited until two weeks after discovery concluded to notify defense counsel and the Court of the missing discovery.

Furthermore, it does not appear that Defendants' bad faith or willfulness resulted in the missing records. Defense counsel indicated the monthly grievance reports had been sent to Plaintiff on November 13, 2020. (Dkt. 153.) It would appear these records went missing after Defendants produced them.

As for Plaintiff's grievances and ARB records, defense counsel initially stated he believed they had been produced, but has since indicated he has been unable to determine whether these records were sent to Plaintiff. (*Id.*) Defense counsel certainly should have been more diligent in monitoring his discovery disclosures. As the Court noted at the February 4, 2021 hearing, defense counsel's approach to this case—predominantly following the close of discovery—has been lax to say the least. Defense counsel repeatedly failed to respond to Plaintiff's discovery request as

8

directed by the Court and he ignored several deadlines set by the Court. Only when the Court ordered the parties to appear at the February 4, 2021 telephonic status date, did defense counsel surface to explain his absence. Although the Court is not unsympathetic to the fact that defense counsel has been ill, he had options for fulfilling his responsibilities in this case. He could have notified the Court of his illness. He could have asked for an extension of the deadlines or, in the event he was unable to request the extension himself, he could have requested that a colleague contact the Court on his behalf. The Court is generous about granting extensions based on illness. Allowing deadlines to pass with no notice to the Court, however, was not among the options available to defense counsel. The Court expects defense counsel to perform his duties better in the future.

Nonetheless, despite defense counsel's lapse in judgment, nothing demonstrates that the records at issue in Plaintiff's motion for sanctions were omitted in bad faith or willfully. Accordingly, sanctions based on the missing discovery documents are not warranted and Plaintiff's motion is denied.

## CONCLUSION

For the foregoing reasons, Plaintiff's January 4, 2021 motion for sanctions (Dkt. 134) and motion to compel (Dkt. 144) are denied. Insofar as Plaintiff may be dissatisfied with this Court's decisions, Plaintiff may raise any objections before the district court pursuant to Federal Rule of Civil Procedure 72.

Date: 2/18/2021 /s/ _____

United States Magistrate Judge

9